# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY W. SOUTHERN | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-CV-0475-CVE-FHM |
| | ) |
| MATHEW RUSSEL, and | ) |
| HECTOR RIOS, Warden, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's civil rights complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2). For the reasons below, the Court will grant the motion but require plaintiff to file an amended complaint.

## I.

Plaintiff, appearing pro se, is incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma. See Dkt. # 1 at 1. He asserts defendants failed to ensure his safety in violation of the Eighth Amendment and 42 U.S.C. § 1983. Id. The following facts are drawn from plaintiff's complaint.

Plaintiff is a former member of the Oklahoma Irish Mob. See Dkt. # 1 at 2. At some point Lieutenant Russel placed him in a housing pod with active members of the Irish Mob and the Universal Aryan Brotherhood (UAB). Id. at 1-2. Plaintiff objected and explained that he cannot be housed with active members of those gangs because a fight "was more than likely to occur." Id. at 2. He also notified Warden Rios of the issue. Id. Russel and Rios declined to transfer plaintiff

to a new unit, and gang members tried to attack him. Id. Based on these issues, Plaintiff asks the Court to reduce his prison sentence. Id. at 3.

## II.

As an initial matter, Plaintiff seeks to prosecute his claims without prepaying the $400 fee for this civil action.[1] See Dkt. 2. Plaintiff's financial information reflects that he lacks sufficient funds to prepay the filing fee. Accordingly, the Court will grant the motion, which reduces the fee to $350, and allow plaintiff to pay in installments. See 28 U.S.C. § 1915(b). Plaintiff would normally be required to make an initial partial payment equal to 20 percent of the greater of: (1) the average monthly deposits, or (2) the average monthly balance in plaintiff's inmate account(s) for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(b)(1). In this case, such amount totals $1.57. The Court will, therefore, waive the initial partial payment to avoid the administrative inconvenience of collecting such a small sum.

Pursuant to § 1915(b)(2), plaintiff must still pay the full $350 filing fee in installments. The Court will enter an order directing LCF to collect, when plaintiff's prison accounts exceed $10, monthly payments equal to 20 percent of his preceding month's deposits until the $350 is paid. Id. Interference by plaintiff in the submission of these funds shall result in the dismissal of this action. Notwithstanding any fee that may have been paid, the Court shall dismiss at any time all or any part of plaintiff's complaint that: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. Id. at §§ 1915A, 1915(e). Monthly payments will be collected until full payment of the filing fee has

---

[1] The $400 civil fee consists of a $350 filing fee and a $50 administrative fee. See 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule, ¶ 14.

2

been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

## III.

### A. Screening/Dismissal Standards

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. See 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

Because plaintiff is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." Id. However, the generous construction "does not relieve the plaintiff

of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. The Court need not accept "mere conclusions characterizing pleaded facts," see Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Eighth Amendment Claims**

Section 1983 of Title 42 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

"[A] prison official's failure to protect an inmate from a known harm may constitute a constitutional violation." Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993). See also Farmer v. Brennan, 511 U.S. 825, 828 (1994) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment" of the Constitution.). This can include the failure to prevent an assault by rival gang members. See e.g., Wilson v. Falk, 877 F.3d 1204 (10th Cir. 2017). To demonstrate a prison official was deliberately indifferent to a known harm, "the plaintiff must show both 'that the official was subjectively aware of the risk,' . . . and that the official 'recklessly disregard[ed] that risk.'" Wilson, 877 F.3d at 1209 (quoting Farmer, 511

4

U.S. at 836). "In other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008) (quotations omitted).

Applying these standards, the Court finds that plaintiff's complaint does not survive initial review. First, there are insufficient facts to show that Lieutenant Russel was subjectively aware of a serious risk of harm. Plaintiff allegedly informed Russel that he was an ex-gang member and that placement with active members would likely cause a fight. See Dkt. # 1 at 1-2. However, plaintiff has not alleged that Russel knew of any serious threats, or the extent to which plaintiff might be targeted in the new housing pod. See Butler v. Rios, No. 17-CV-364-F, 2017 WL 6803451, at *5 (W.D. Okla. Nov. 30, 2017) ("Without more, [p]laintiff's membership in a prison gang, even one that is generally in conflict with another prison gang, is not sufficient to demonstrate [d]efendant[s'] . . . knowledge of a specific, substantial risk of harm to [p]laintiff."). Further, there is no evidence that plaintiff sustained any actual injuries as a result of Russel's actions. See Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018) (inmate failed to state an Eighth Amendment failure-to-protect claim where "there is no allegation that he suffered any injuries from th[e] placement").

The claims against Warden Rios also fail. To state a claim against a prison supervisor, a plaintiff must allege that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). Here, plaintiff only alleges Rios knew about his former gang affiliation and the housing placement. Plaintiff gives no indication that the placement is traceable to any policy or plan by Rios.

Finally, even if plaintiff sufficiently alleged claims under § 1983, his requested relief (a sentence reduction) would be barred under Heck v. Humphry, 512 U.S. 477, 487 (1994). Heck held that the district court must dismiss any § 1983 claim that, if resolved in plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. Id. at 487. Ordering an early release based on plaintiff's housing placement would necessarily undermine the validity of his criminal sentence. The Court, therefore, finds that plaintiff's complaint fails to state a claim upon which relief can be granted.

The Tenth Circuit counsels that pro se litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow plaintiff to amend his complaint no later than December 5, 2018. If plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**, and the initial partial payment is waived.

2. No later than **December 5, 2018**, plaintiff must file an amended complaint, curing the deficiencies identified herein.

3. The Clerk shall send plaintiff a blank civil rights complaint (form PR-01) marked "amended" and identified as Case No. 18-CV-0475-CVE-FHM.

**DATED** this 5th day of November, 2018.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE