# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY W. SOUTHERN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-0475-CVE-FHM |
| ) | |
| MATHEW RUSSEL and ) | |
| HECTOR RIOS, Warden ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On September 12, 2018, Plaintiff, a state prisoner appearing pro se, filed a civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). He asserts that Lawton Correctional Facility officials failed to ensure his safety in violation of the Eighth Amendment and 42 U.S.C. § 1983. Specifically, plaintiff alleges that he is a former member of the Oklahoma Irish Mob, and that defendants transferred him to a housing pod with active members of the Irish Mob and the Universal Aryan Brotherhood. See Dkt. # 1 at 1-2. The Complaint names two defendants: Lieutenant Russel, who effectuated the transfer, and Warden Rios, who knew about it. Id. In his prayer for relief, plaintiff asks the Court to reduce his prison sentence. Id. at 3.

By an Opinion and Order entered November 5, 2018 (Dkt. # 3), the Court granted the in forma pauperis motion, waived the initial partial payment, and determined that the complaint fails to state to a cognizable Eighth Amendment claim. The complaint does not demonstrate that Lieutenant Russell knew the transfer would expose plaintiff to substantial harm. See Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008). Further, there are no allegations that plaintiff's housing placement is traceable to any policy or plan by Warden Rios. See Dodds v. Richardson, 614

F.3d 1185, 1199 (10th Cir. 2010). Plaintiff's requested relief (a sentence reduction) would also be barred under Heck v. Humphry, 512 U.S. 477, 487 (1994), as it undermines the validity of his state criminal judgment.

Consistent with Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given until December 5, 2018 to amend his complaint. See Dkt. # 3 at 6. The Opinion and Order provided detailed guidance about what the amended complaint must allege to survive initial review. Id. at 3-5. The Court also warned plaintiff that the failure to timely amend would result in dismissal of this case without further notice. Plaintiff has not responded to the Opinion and Order or otherwise shown cause for his failure to comply. The Court will, therefore, dismiss this action under FED. R. CIV. P. 41(b) for failure to prosecute and comply with court orders. See Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the … court's orders.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. This civil rights action is dismissed without prejudice.

2. The Court will enter a separate judgment disposing of the civil case.

**DATED** this 14th day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE